IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| PABLO GONZALEZ, § § and § § JERRY A. SNOW, JR., individually and § on behalf of all others similarly situated § § Plaintiffs, § v. § § RAILWORKS TRACK SERVICES, § INC., § § Defendant. § | CIVIL ACTION NO. 4:17-cv-733 JURY TRIAL DEMANDED |

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

Now comes Pablo Gonzalez ("Plaintiff Gonzalez" or "Gonzalez") and Jerry Snow, Jr. ("Plaintiff Snow" or "Snow") (collectively "Plaintiffs") on behalf of themselves and on behalf of the class that Plaintiffs seek to represent (collectively the "Putative Class" or the "Putative Class Members"), bring this action against against Railworks Track Services, Inc.. ("Defendant" or "Railworks") a Maryland Corporation doing business in the State of Ohio, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.,* the Ohio Minimum Fair Wage Standards Act, §§ 4111, *et seq.* (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), and O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as the "Ohio Acts"). The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

# I.
# INTRODUCTION

1. Plaintiffs bring this action on behalf of themselves and all individuals who have worked for Defendant, have been based out of Ohio, and have not been paid all overtime wages owed in violation of the federal Fair Labor Standards Act ("FLSA") and the Ohio Acts. Defendant has not paid its employees for all hours worked, and the unpaid hours are overtime hours for which the employees are owed time-and-a-half.

# II.
# JURISDICTION AND VENUE

2. Plaintiffs' claims arise under Fair Labor Standards Act ("FLSA"). 29 U.S.C. §201 et seq. Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiffs' state law claims under the Ohio Acts. As with their FLSA claims, Plaintiffs must show that they were not paid overtime pay for all hours worked. As such, the claims arise "from a common nucleus of operative fact." *See United Mine Works of Am. V. Gibbs*, 383 U.S. 715, 725 (1966).

4. Defendant Railworks is a for-profit corporation doing business in the State of Ohio. This Court has personal jurisdiction over Defendant Railworks pursuant to O.R.C. § 2307.382.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Ohio because a substantial portion of the events forming the basis of this suit occurred in the Northern District of Ohio.

**III.**

**PARTIES**

7. Plaintiff Pablo Gonzalez is an adult individual residing at 3208 N. Wendover Circle, Youngstown, Ohio, 44511 and has consented in writing to be a part of this action part pursuant to 29 U.S.C. § 216(b). Plaintiff Gonzalez's signed consent form is attached as **Exhibit A.**

8. Plaintiff Jerry A. Snow, Jr. is an adult individual residing at 1210 Vine Street, Girard, Ohio 44420 and has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff Snow's signed consent from is attached as **Exhibit B.**

9. Defendant Railworks is a foreign corporation doing business in the State of Ohio and is registered with the Ohio Secretary of State and can be served through its registered agent, Corporation Service Company, 50 West Broad Street, Columbus, Ohio 43215.

10. Plaintiffs' FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b).

11. Plaintiffs' Ohio Acts' claims are asserted as a class action pursuant to Fed. R. Civ. P. 23.

**IV.**
**FACTUAL ALLEGATIONS**

12. Defendant Railworks is a private corporation specializing in railroad track construction and maintenance and maintenance service, which conducts business across the United States.

13. During all times material to this complaint, Defendant has engaged employees, including Plaintiffs and the Putative Class Members, in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level) by operating a railway track maintenance and construction company.

14. During all times material to this complaint, Defendant has been an "employer" and "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, 29 U.S.C. § 203, and an "employer" within the meaning of 29 U.S.C. § 203(d), and Plaintiffs and the Putative Class Members were "employees" of Defendants within the meaning of 29 U.S.C. §203(e) and O.R.C. § 4111.03(D)(3); and were not otherwise exempt from the protections of the FLSA or the Ohio Wage Laws.

15. During all times material to this complaint, Defendant Railworks has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

16. During all times material to this complaint, Plaintiffs and the Class members have been employees pursuant to O.R.C. § 4111.14(B) and were employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

17. During all times material to this Complaint, Defendant has been engaged in interstate commerce within the meaning of the FLSA and the Ohio Acts.

18. During all times material to this Complaint, Defendant has, as a matter of economic reality, employed Plaintiffs and the Class members in the State of Ohio in matters relating to railway track construction and maintenance.

13. During all times material to this Complaint, Defendant has operated an enterprise engaged in commerce and/or in the production of goods for commerce within the meaning of the FLSA.

14. During all times material to this Complaint, Plaintiffs and Class Members have been individual employees who have been engaged in commerce as required by the FLSA.

## V.
## INDIVIDUAL & CLASS ALLEGATIONS

15. During all times material to this Complaint, Defendant has been subject to the requirements of the FLSA and the Ohio Acts

16. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

17. During all times material to this Complaint, Plaintiffs and Class Members' performed job duties for Defendant of primarily manual in nature, including constructing and repairing railroads and railway tracks.

18. During all times material to this complaint, Plaintiffs and the FLSA Class Members were not exempt from receiving FLSA overtime benefits because, *inter alia*, they were not "executive," "computer," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq*.

19. Plaintiff Gonzalez worked for Defendant during the time period between approximately February 2010 and approximately April 2016 as an Operator, Laborer and Foreman.

20. Plaintiff Snow worked for Defendant during the time period from approximately 1988 to approximately June of 2016 as a Operator, Laborer and Foreman.

21. Defendant maintains an office located at 1550 North Bailey Road, North Jackson, Ohio 44451. During all times material to this Complaint, Defendant has required Plaintiffs and the Class members to report to and perform work at this location.

22. During all times material to this Complaint, Defendant has assigned Plaintiffs and the Class members to work in crews consisting of five (5) to fifteen (15) workers.

23. During all times material to this Complaint, Plaintiffs and Class members have all resided in Ohio and have worked in Ohio on a regular basis. In addition to requiring Plaintiffs and the Class members to perform work in the State of Ohio, Defendant also employed Plaintiffs and the Class members to perform work in states

throughout the nation including, but not limited to Indiana, Illinois, Pennsylvania, Maine, and New Hampshire.

24. During all times material to this Complaint, Defendant through the course of its business has required Plaintiffs and the Class members to travel to and perform work at remote job sites and work locations within the State of Ohio and in other states throughout the nation.

25. During all times material to this Complaint, Defendant has regularly required Plaintiffs and the Class members to work between approximately 40 hours to approximately 70 hours in a workweek.

26. During all times material to this Complaint, Defendant has paid Plaintiffs and the Class members on an hourly basis for the labor which they perform at the site of their assigned projects and for their travel time to the job site.

27. During all times material to this Complaint, Defendant, although compensating Plaintiffs and the Class members for the time they have spent travelling to job locations, has required Plaintiffs and the Class members to travel back to their home locations without providing Plaintiffs and the Class members with any compensation.

## FLSA COLLECTIVE ACTION ALLEGATIONS

28. Plaintiffs repeats the allegations set forth in the above Paragraphs and incorporate them herein by reference.

29. Plaintiffs brings a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all similarly situated individuals who are part of the following class:

> All individuals employed by Defendant or its predecessors or successors in the state of Ohio as Laborers, Operators, or Foremen and other employees in similar job positions at anytime from April 7, 2014 through and including the present and until the final resolution of the case, and who have not been paid all overtime wages for all hours worked in excess of forty (40) in a workweek (hereinafter the "FLSA Collective Action Class" or the "FLSA Class")

30. Collective action treatment of Plaintiffs' and the FLSA Collective Action Class FLSA claims is appropriate because Plaintiffs and the FLSA have been subjected to the same common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including, *inter alia*, whether Defendant paid Plaintiffs and the FLSA Class members overtime wages for all hours worked in excess of forty (40) in a workweek.

31. Plaintiffs and the FLSA Class have been similarly affected by the violations of the Defendant in workweeks during the relevant time period, which amount to a single decision, policy or plan to avoid paying all earned minimum wages.

32. Plaintiffs are similarly situated to FLSA Class members and will prosecute this action vigorously on their behalf.

33. A collective action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the FLSA Class is entitled.

### OHIO CLASS ACTION ALLEGATIONS

34. Plaintiffs and the Class members repeat the allegations set forth in the above Paragraphs and incorporate them herein by reference.

35. In addition to the FLSA collective action, Plaintiffs and the Class members bring a class action, pursuant to Federal Rule of Civil Procedure 23, to represent a class that is similarly defined as:

> All individuals employed by Defendant or its predecessors or successors in the state of Ohio as Laborers, Operators, or Foremen and other employees in similar job positions at anytime from April 7, 2014 through and including the present and until the final resolution of the case, and who have not been paid all overtime wages, in conformity with O.R.C. 411.03, for all hours worked in excess of forty (40) in a workweek (hereinafter the "Ohio Class")

36. Class action treatment is appropriate, as summarized in Paragraphs 37-43 below, because all of Rule 23's requirements are satisfied.

37. The Ohio Class is so numerous that joinder of all class members is impracticable.

38. Plaintiffs believe Defendant has employed approximately more than 20 persons who have been subject to the Defendant's common and unlawful practices.

39. Plaintiffs are class member and their claims are typical of the claims of the Ohio Class members, and they have no interests that are antagonistic to or in conflict with the interests of other class members.

40. Plaintiffs will fairly and adequately represent the Ohio Class members and their interests and he has retained competent and experienced counsel who will effectively represent the class members' interests.

41. Questions of law and fact are common to all class members.

42. Common questions of law and fact predominate over questions affecting only individual class members.

43. A class action is superior to other available methods for the fair and efficient adjudication of the Ohio class Members' claims.

## VI.
## VIOLATIONS OF THE OVERTIME PROVISIONS OF THE FLSA

44. Plaintiffs and the FLSA Class members repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

45. The FLSA requires that employees receive overtime pay of "not less than one and one-half times" their regular rate of pay for hours worked over forty (40) in a workweek, *see* 29 U.S.C. § 207(a)(1), and employees paid on a job-rate basis are entitled to such overtime premium pay, *see, e.g.*, 29 C.F.R. § 778.112.

46. At all times material to this Complaint, Plaintiffs and the Class members were "employees" within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

47. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

48. At all times material to this Complaint, Defendant has suffered or permitted Plaintiffs and the Class members to work for them as Laborers, Foremen, or Operators.

49. Defendant has failed to pay Plaintiffs and the Class members the overtime wages to which they are entitled under the FLSA for their time spent traveling from job locations back to their home locations.

50. Time spent by an employee in travel as part of their principal activity, such as travel from job site to job site during the workday, is work time and must be counted as hours worked. 29 C.F.R. 785.37-785.41.

51. Defendant has willfully and recklessly violated the FLSA with respect to Plaintiffs and the Class members by failing to pay them the required overtime premium.

52. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

53. As a result of Defendant's willful violations of the FLSA, Plaintiffs and the Class members suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

54. As a result of the unlawful acts of Defendant, Plaintiffs and the Class members have been deprived of overtime compensation and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to the FLSA.

## VII.
## OVERTIME VIOLATIONS OF THE OHIO WAGE ACT

55. Plaintiffs and the Ohio Class Members repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

56. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

57. During all times material to this Complaint, Plaintiffs and the Ohio Class members have been employed by Defendant, and Defendant has been an employer covered by the overtime requirements under the Ohio Wage Act.

58. During all times material to this Complaint, Plaintiffs and the Ohio Class members have worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but have not been paid overtime wages at a rate of one and a half (1.5) times their regular rate for a portion of these hours that they spent traveling back to their home locations from remote job locations.

59. The Ohio Revised Code requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiff and the Ohio Class members are entitled to review the relevant records of hours worked to determine the exact amount of overtime wages owed by Defendant. Absent Defendant keeping these records as required by law, Plaintiffs and the Class members are entitled to submit their information about the number of hours worked.

## COUNT III
## VIOLATION OF THE OPPA

60. Plaintiffs and the Ohio Class Members repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

61. During relevant times, Defendant has been an entity covered by the OPPA and Plaintiffs and the Ohio Class members have been employed by Defendant within the meaning of the OPPA.

62. The OPPA requires that Defendant pay Plaintiffs and the Ohio Class members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the

fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

63. During relevant times, Plaintiffs and the Class members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

64. Plaintiffs and the Class members' unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

65. In violating the OPPA, Defendant has acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## **PRAYER FOR RELIEF**

A. Awarding to the Plaintiffs and the Class members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by FLSA;

B. Awarding Plaintiffs and the Class members compensation for unpaid wages, liquidated damages and any and all other relief available pursuant to ORC 4111.03 and the OPPA:

C. Awarding Plaintiffs and the Class members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

D. Awarding Plaintiffs and the Class members such other and further relief as the Court deems just and proper;

E. Issuing an Order prohibiting Defendant from engaging in future violations of the

FLSA, the ORC 4111.03 and the OPPA; and

F. Rendering a judgment against Defendant, for all damage, relief, or any other recovery whatsoever.

Date: April 7, 2017

Respectfully submitted,

*/s/ Trent R. Taylor*
Trent R. Taylor (OH Bar No. 091748)
Robert E. DeRose (OH Bar No. 0055214)
**BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**
250 E. Broad St., 10th Floor
Columbus, Ohio 43215
Telephone: (614) 221-4221
Fax: (614) 744-2300
Email: ttaylor@barkanmeizlish.com
bderose@barkanmeizlish.com

**ATTORNEYS FOR PLAINTIFFS**

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all claims so triable.

*/s/ Trent R. Taylor*
Trent R. Taylor

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served on all counsel of record by operation of the Court's electronic filing system this 7th day of April, 2017

>*/s/ Trent R. Taylor*
>Trent R. Taylor