## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between Pablo Gonzalez and Jerry A. Snow, Jr. ("Named Plaintiffs") on behalf of themselves and all Opt-In Plaintiffs, as defined herein, (collectively, "Plaintiffs") and Defendant, RailWorks Track Services, Inc., ("RailWorks" or "Defendant") on behalf of itself and all Released Parties, as defined herein.

WHEREAS, Named Plaintiffs filed a Complaint against RailWorks, alleging that RailWorks violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* by not compensating Named Plaintiffs and those similarly situated for time spent traveling to and from job sites which Named Plaintiffs further claimed resulted in underpayment of overtime and/or straight-time wages during the Recovery Period, as defined herein.

WHEREAS, a *bona fide* dispute exists between Plaintiffs and RailWorks as to the amount of wages, if any, owed to Named Plaintiffs and Opt-In Plaintiffs, as defined herein; and

WHEREAS, the Named Plaintiffs, Class Counsel, and Defense Counsel participated in private mediation on February 22, 2018; and

WHEREAS, Plaintiffs and RailWorks desire to enter into this Agreement to fully and finally settle, resolve, and dismiss with prejudice this litigation;

NOW THEREFORE, in consideration of the mutual promises and agreements herein, the following is hereby stipulated and agreed:

1. **DEFINITIONS**

    The terms set forth below shall have the following meanings:

    1.1 "Agreement" means this "Settlement Agreement and Release."

    1.2 "Approval Date" means the date on which the Court enters an Order approving this settlement as fair, reasonable, and adequate.

EXHIBIT A

1.3 "Civil Action" means *Gonzalez et. al v. RailWorks Track Services, Inc.*, Civil Action No. 4:17-cv-733, pending in the U.S. District Court for the Northern District of Ohio.

1.4 "Class Counsel" means the law firm of Bakan Meizlich.

1.5 "Court" means the United States District Court for the Northern District of Ohio.

1.6 "Defense Counsel" means the law firm of Jackson Lewis P.C.

1.7 "Named Plaintiffs" means Pablo Gonzalez and Jerry A. Snow, Jr.

1.8 "Opt-In Plaintiffs" mean the individuals who joined the Civil Action by completing and returning forms entitled "Consent To Join" all of which were filed with the Court by Class Counsel on or before November 8, 2017. All Opt-In Plaintiffs are identified in Exhibit A.

1.9 "Parties" means Named Plaintiffs, the Opt-In Plaintiffs, and RailWorks.

1.10 "Payment Amount" means, for each Named Plaintiff and Opt-In Plaintiff, the monetary payment listed in Exhibit A (to be provided by Class Counsel). This amount shall not exceed $225,000.00 (two hundred and twenty five thousand dollars).

1.11 "Recovery Period" means all workweeks from April 7, 2014 through March 31, 2016.

1.12 "Released Claims" means any claim, cause of action, or demand arising prior to March 31, 2016 for unpaid wages, liquidated damages, interest, attorney's fees, or litigation expenses associated with RailWorks' alleged non-payment of wages under the FLSA and any comparable state or local laws including but not limited to the Ohio Fair Wage Standards Act a/k/a/ the Ohio Wage Act, the Ohio Prompt Pay Act, and O.R.C. section 4113.15, breach of contract or implied contract, unjust enrichment, or any other legal claim or theory under which employees can seek overtime compensation or straight time compensation for travel time.

1.13 "Released Parties" means RailWorks and all of its parents and affiliates (including, without limitation, RailWorks Corporation, RailWorks Track Systems, Inc.; L.K. Comstock National Transit, Inc.; L.K. Comstock & Company, Inc.; RailWorks Transit Inc.; RailWorks Maintenance of Way, Inc.; HSQ Technology; and RailWorks Signals & Communications, Inc.), related entities, successors and each of their respective past and present officers, directors, attorneys, managers, supervisors, insurers, agents, or employees.

1.14 "Service Payment" means an additional $5,000.00 (five thousand dollars) for each Named Plaintiff (in addition to their shares of the Payment Amount).

## 2. RECITALS

2.1 Class Counsel has investigated this Civil Action and consulted with Named Plaintiffs concerning the risks of continued litigation and the benefits of settlement at this stage in the proceedings. Named Plaintiffs and Class Counsel have concluded that the settlement described in this Agreement is fair, reasonable, and adequate, and is in the best interest of Named Plaintiffs and Opt-In Plaintiffs in light of all known facts and circumstances, including, *inter alia*, the possibility that RailWorks might prevail at trial or through motion practice and the prospect of significant delay if this Civil Action proceeds through formal discovery and motion practice.

2.2 RailWorks and all Released Parties deny any liability or wrongdoing of any kind associated with the claims alleged in the Civil Action.

2.3 This Agreement is a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by RailWorks or any of the Released Parties. Furthermore, neither this Agreement nor the settlement of this Civil Action shall be used to suggest an admission of liability in any dispute the Parties may have now or in the future with respect to any person or entity, and nothing herein shall constitute evidence with

respect to any issue or dispute in any lawsuit, legal proceeding, or administrative proceeding, except for legal proceedings concerning the enforcement or interpretation of this Agreement.

### 3. PLAINTIFFS' RELEASE OF CLAIMS

3.1 The Opt-In Plaintiffs are bound by this Agreement by virtue of the Consent to Join forms filed in this action.

3.2 Named Plaintiffs and each Opt-In Plaintiff bound by this Agreement fully and completely releases and discharges all Released Parties from any and all Released Claims.

### 4. PAYMENTS TO THE PLAINTIFFS

4.1 Payments to all Plaintiffs will be made pursuant to the allocation determined by Class Counsel, included in Exhibit A.

4.2 Within fifteen (15) business days after the Approval Date, RailWorks shall mail to Plaintiffs: (1) payroll checks equaling fifty percent (50%) of the Payment Amount of Named Plaintiffs and each Opt-In Plaintiff, less applicable taxes, withholdings, and deductions normally withheld by RailWorks pursuant to their ordinary payroll practices, to represent wage claims; and (2) checks equaling fifty percent (50%) of the Payment Amount of Named Plaintiffs and each Opt-In Plaintiff, without deductions, to represent non-wage claims, including liquidated damages, interest, and other statutory penalties. RailWorks shall be responsible for applicable employer tax contributions associated with the wage portion of the payments including, but not limited to, RailWorks' share of the FICA tax and any federal and state unemployment tax due with respect to the amounts treated as wages. At the close of the 2018 tax year, RailWorks shall issue directly to Named Plaintiffs and each Opt-In Plaintiff an IRS Form W-2 reflecting his/her settlement payment of the wage claims and an IRS Form 1099 reflecting his/her settlement payment of the non-wage claims. If the Opt-In Plaintiff no longer is employed by RailWorks, RailWorks shall send the W-2 and 1099 forms to the address listed on the Opt-In Plaintiff's

Consent Form. Defense Counsel shall utilize the most recent W-9 on file with RailWorks for each Plaintiff.

4.3 In addition to the payment set forth above in paragraph 4.2, Named Plaintiffs shall receive their Service Payments, which shall be considered non-wage income.

4.4 Plaintiffs shall have one hundred and eighty (180) calendar days to cash their settlement checks. If any Plaintiff does not cash his/her check within the 180-day period, such checks will be void, a stop-pay notice will be placed. Any checks returned within this 180-day period shall be forwarded to Class Counsel.

4.5 No Impact On Benefits: Payments made under this Agreement are not intended to and will not: (1) form the basis for additional contributions to, benefits under, or any other monetary entitlement under; (2) count as earnings or compensation with respect to; or (3) be considered to apply to, or be applied for purposes of, any of the Released Parties' bonus, pension, and retirement programs or 401(k) plans maintained by the Released Parties. The Released Parties reserve the right, if necessary, to modify the language of their benefit plans and pension, bonus and other programs, if necessary, to make clear that any amounts paid pursuant to this Agreement are not for hours worked, hours paid, or any similar measuring term as defined by any plans and programs for purposes of eligibility, vesting, benefit accrual or any other purpose.

4.6 Named Plaintiffs and Opt-in Plaintiffs certify that neither RailWorks nor their counsel have made any representations as to the tax treatment of the settlement payments and Named Plaintiffs and Opt-in Plaintiffs hereby indemnify and hold harmless RailWorks from any and all liability for taxes, interest and penalties in connection with the settlement payments.

### 5. PAYMENT TO CLASS COUNSEL

5.1 Within fifteen (15) business days after Approval Date, RailWorks shall pay to Class Counsel attorney's fees and litigation expenses in the amount of $90,000.00 (ninety thousand dollars) in the form of a check made payable to Barkan Meizlish LLP. At the end of the 2018 tax year, RailWorks shall mail directly to Class Counsel an IRS 1099 tax form reflecting said payment.

### 6. REQUIREMENT FOR COURT APPROVAL

6.1 This Agreement is contingent upon and does not become effective until the Court enters an Order approving, pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), this settlement as fair, reasonable, and adequate, and, in the absence of such Court approval, the Agreement shall be null and void.

### 7. NON-PUBLICITY OF THE SETTLEMENT AGREEMENT

7.1 Named Plaintiffs, Opt-in Plaintiffs and Class Counsel agree not to publicize or disclose the fact of and the amount of his/her Payment Amount, to any person or agency, including, but not limited to, other former and current employees of RailWorks, ~~other than on the record at the required fairness hearing or~~ except where such disclosure is required by law or is necessary to comply with the terms of this Agreement. If asked, Named Plaintiffs and Opt-in Plaintiffs may state that the matter has been "resolved." This provision does not preclude Named Plaintiff or Opt-in Plaintiffs from disclosing the fact of this Agreement and his/her Payment Amount to his/her spouse, legal advisors, financial advisors and tax preparers to the extent necessary. Class Counsel agrees that it will not disclose any information concerning this Agreement to any person or entity, with the exception of its staff, Named Plaintiff and Opt-in Plaintiffs. Class Counsel shall not make any statements to the media relative to this Agreement,

*[Initialed: Robert J. Bowes 3/27/18    Robert E. DeRose 3/27/2018]*

nor shall they make any press or media releases about the terms of the Agreement. This provision is a material term of the Agreement and will be enforced by RailWorks.

7.2 In the event of a disclosure in violation of Paragraph 7.1 of this Agreement, RailWorks may initiate litigation. The Court shall be limited to a determination as to whether there has been an unauthorized disclosure by Named Plaintiffs, Opt-in Plaintiffs, or Class Counsel in violation of Paragraph 7.1. In the event the Court determines there has been a disclosure in violation of Paragraph 7.1 by Named Plaintiffs, Opt-in Plaintiffs, or Class Counsel the Court must award the amount equal to 20% of Named Plaintiffs, Opt-in Plaintiffs, or Class Counsel's Payment Amount(s), constituting liquidated damages based upon the breach and a disclosure in violation of these confidentiality provisions, and other such relief the Court deems appropriate. The Court in such litigation shall award reasonable attorneys' fees to the prevailing party. This provision is limited to only the person that makes a disclosure. In other words, if one Opt-in Plaintiff makes a disclosure RailWorks will only be able to seek redress against that individual.

7.3 RailWorks shall include with the checks sent out pursuant to this agreement notice of the confidentiality provisions of this agreement.

### 8. PARTIES' AUTHORITY

8.1 The signatories hereby represent that they are fully authorized to enter into this Agreement and to bind the Parties hereto to the terms and conditions hereof.

8.2 All Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared and executed this Agreement.

**9.  MUTUAL FULL COOPERATION**

9.1  The Parties shall use their commercially reasonable best efforts and fully cooperate with each other to accomplish the terms of this Agreement and to take such other actions as may reasonably be necessary to implement and effectuate the terms of this Agreement.

**10.  SETTLEMENT OF DISPUTES**

10.1  All disputes relating to this Agreement and its implementation shall be within the jurisdiction of the mediator, Michael N. Ungar, whose decision shall be final and binding.

**11.  MODIFICATION**

11.1  This Agreement and its attachments may not be changed, altered, or modified, unless such modification is manifested in a written document duly executed by the Parties. Any material modifications shall be approved by the Court in its continuing jurisdiction.

**12.  ENTIRE AGREEMENT**

12.1  This Agreement and its attachments constitute the entire agreement between the Parties concerning the subject matter hereof. No extrinsic oral or written representations or terms shall modify, vary, or contradict the terms of this Agreement. In the event of any conflict between this Agreement and its attachments and any other settlement-related document, the Parties intend that this Agreement and its attachments shall be controlling.

**13.  CHOICE OF LAW/JURISDICTION**

13.1  This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the state of Ohio, both in its procedural and substantive aspects, and shall be subject to the jurisdiction of Judge Pearson. This Agreement shall be construed as a whole according to its fair meaning and intent and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

**14. COUNTERPARTS**

14.1 This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

**15. CAPTIONS AND INTERPRETATIONS**

15.1 Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Agreement or any provision hereof. Each term of this Agreement is contractual and not merely a recital.

**IN WITNESS WHEREFORE**, the undersigned have duly executed this Agreement as of the date indicated below:

February 22, 2018          RailWorks Track Services, Inc.:

By: _____

Its: VP, Assistant GC, Chief Litigation Counsel

February 22, 2018          Pablo Gonzalez:

_____

Jerry A. Snow, Jr.:

_____